JS 44 (Rev. 12/07) (cand rev 1-16-08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Albert Dytch   E-filing | David D. Clahan and Masami H. Clahan, as Trustees |

| (b) County of Residence of First Listed Plaintiff  Alameda<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Alameda<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|

| (c) Attorney's (Firm Name, Address, and Telephone Number)<br><br>Thomas N. Stewart, III<br>369 Blue Oak Lane<br>Clayton, Ca 95617<br>(925) 672-8452 | Attorneys (If Known) |
|---|---|

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities – Employment<br>☒ 446 Amer. w/Disabilities – Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR** (see above)<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Alien Detainee<br>☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 12101

Brief description of cause:
ADA Title III

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE
September 2, 2008

SIGNATURE OF ATTORNEY OF RECORD

1 | THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
2 | 369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
3 | TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
4 | Attorneys for Albert Dytch        E-filing

5

6 | **ORIGINAL**

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

9 | ALBERT DYTCH,                     CV   08   C 08-   4164   #

Case No. C 08-
Civil Rights

10 |        Plaintiff,

COMPLAINT FOR PRELIMINARY AND
11 | v.                               PERMANENT INJUNCTIVE RELIEF AND
DAMAGES: DENIAL OF CIVIL RIGHTS AND
12 | DAVID D. CLAHAN and              PUBLIC FACILITIES TO PHYSICALLY
MASAMI H. CLAHAN,                 DISABLED PERSONS (CIVIL CODE §§ 54,
13 | as Trustees,                     54.1 AND 55; INJUNCTIVE RELIEF PER
TITLE III, AMERICANS WITH DISABILITIES
14 |                                  ACT OF 1990
        Defendants.
15 | _____/

16 |        Plaintiff, Albert Dytch, alleges:

17 |          FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
      FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
18 |        PUBLIC FACILITIES AT A RESTAURANT (Civil Code §§ 51, 54.1)

19 | 1.     Plaintiff, suffers from muscular dystrophy, does not have the substantial use of his legs

20 | and is a "person with a disability" and "physically handicapped person". Plaintiff requires the

21 | use of a wheelchair for locomotion and is either unable to use portions of public facilities which

22 | are not accessible to disabled persons who require the use of a wheelchair or is only able to use

23 |
        Complaint                          1

1   such portions with undue difficulty.

2   2. The Unicorn restaurant located at 2533 Telegraph Avenue, Berkeley, California (the

3   Restaurant) is a restaurant which is open to the public. Defendant either owns the real property

4   where the Restaurant is located and/or operates the Restaurant.

5   3. Summary of facts: This case involves the denial of access to Plaintiff and others similarly

6   situated at the Restaurant on August 2, 2008 . Plaintiff was denied equal protection of the law

7   and was denied Civil Rights under both California law and federal law, as hereinbelow

8   described. Plaintiff was denied his rights to full and equal access at the Restaurant because of

9   its inaccessible entrance, path of travel and men's restroom, all of which made the Restaurant

10   not properly accessible to Plaintiff and to others similarly situated. Plaintiff seeks injunctive

11   relief to require Defendants to correct those barriers, to comply with ADAAG and the CBC

12   where required, to remove all barriers to access in the Restaurant which are readily achievable,

13   to make all reasonable accommodations in policy in order to enable Plaintiff and others

14   similarly situated to use the Restaurant and at minimum, to use readily achievable alternative

15   methods to enable Plaintiff to use the goods and services which the Restaurant makes available

16   to the non-disabled public. Plaintiff also seeks the recovery of damages for his personal

17   damages involved in the discriminatory experiences on August 2, 2008, and seeks recovery of

18   reasonable attorney's fees and litigation expenses and costs according to statute.

19   4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for

20   violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to

21   supplemental jurisdiction, attendant and related causes of action arising from the same facts are

22

23

Complaint                                    2

1   also brought under California law, including but not limited to violations of California Civil

2   Code §§ 51, 54, 54.1 and 55.

3   5. Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact

4   that the location where Plaintiff experienced his discrimination is located in this district and

5   that Plaintiff's causes of action arose in this district.

6   6. Intradistrict: This case should be assigned to the San Francisco intradistrict because the

7   incident occurred in, and Plaintiff's rights arose in, the San Francisco intradistrict.

8   7. The Restaurant is a "public accommodation or facility" subject to the requirements of

9   California Civil Code § 51, 54, 54.1 and 55.

10  8. Placeholder.

11  9. Defendant is and was the owner, operator, manager, lessor and lessee of the subject

12  Restaurant at all times relevant herein. Plaintiff is informed and believes that each of the

13  Defendants is and was the agent, employee or representative of each of the other Defendants,

14  and performed all acts and omissions stated herein within the scope of such agency or

15  employment or representative capacity and is responsible in some manner for the acts and

16  omissions of the other Defendants in proximately causing the damages complained of herein.

17  10. Plaintiff and others similarly situated are disabled persons who require the use of a

18  wheelchair and are unable to use public facilities on a "full and equal" basis unless each such

19  facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and

20  the regulations thereof. Under Civil Code §§ 51 and 54.1, Defendants were required to comply

21  with the requirements of the Americans with Disabilities Act of 1990 and the federal

22

23

Complaint                                    3

1  regulations adopted pursuant thereto. The acts and omissions of which Plaintiff complains took

2  place at the Restaurant.

3  11. Civil Code §§ 51 and 54, et seq., were enacted to prohibit discrimination against people

4  with disabilities and to encourage the full and free use by people with disabilities of public

5  facilities and other public places. CC §§ 51 and 54(c) state that a violation of the Americans

6  with Disabilities Act of 1990 is a "violation of this section"; CC § 54.1(a) states that

7  individuals with disabilities are entitled to "full and equal access" to public accommodations

8  and that such access means that which meets the standards of Titles II and III of the Americans

9  with Disabilities Act of 1990 and federal regulations adopted pursuant thereto; CC § 52 states

10  that minimum damages for discrimination are $4,000 for each incidence of discrimination; CC

11  § 54.3 states that minimum damages for discrimination are $1,000; CC § 54.3 states that a

12  defendant who denies or interferes with a disabled person's rights of access is liable for actual

13  damages and attorneys' fees.

14  12. Health & Safety Code § 19955 was enacted "To ensure that public accommodations or

15  facilities constructed in this state with private funds adhere to provisions of Chapter 7

16  (commencing with § 4450) of Division 5 of Title 1 of the Government Code." Such public

17  accommodations include those which are the subject of this action. On information and belief,

18  Title 24 California Code of Regulations, formerly known as the California Administrative

19  Code, was in effect at the time of construction and of each alteration of work, all of which

20  occurred after July 1, 1982, thus requiring access complying with the specifications of title 24

21  for all such construction and for each such "alteration, structural repair or addition".

22

23

Complaint                                           4

13. The entrance to the Restaurant is too steep and narrow. The path of travel to the men's restroom is too narrow. The men's restroom is inaccessible to people in wheelchairs.

On August 2, 2008, Plaintiff patronized the Restaurant. Plaintiff's wife had to obtain the assistance of Restaurant employees to get into the Restaurant. Inside the Restaurant, Plaintiff wanted to use the restroom, but was unable to get to it because of tables and chairs place in the narrow hallway. Plaintiff's wife looked inside of the restrooms, and informed Plaintiff that even if he could have traveled to the restrooms, he would not have been able to use them, due to their lack of accessible features.

As a result, Plaintiff is entitled to damages in an amount according to proof.

14. Defendant's failure to create an accessible entrance, an accessible path of travel and accessible restrooms, remove all readily achievable barriers, institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public without having to suffer the indignities, as aforesaid, was a violation of the California Building Code, the Americans with Disabilities Act and federal regulations adopted pursuant thereto, and as a consequence, was a violation of Civil Code §§ 51 and 54, et seq.

15. Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by Defendant at the Restaurant as stated above which appear to be continuing, and which have the effect of wrongfully excluding Plaintiff and others similarly situated from using the Restaurant. Plaintiff will patronize the Restaurant again once the barriers are removed. Such acts and omissions are the cause of humiliation and inconvenience of Plaintiff in that these actions

Complaint                                           5

1 continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate

2 against Plaintiff on the sole basis that Plaintiff is a person with a disability and requires the use

3 of a wheelchair for movement in public places. Plaintiff is unable so long as such acts and

4 omissions of Defendant continue, to achieve equal access to and use of this public facility. The

5 acts of Defendant have proximately caused and will continue to cause irreparable injury to

6 Plaintiff if not enjoined by this Court.

7 16. Damages: As a result of the denial of equal access to the Restaurant and due to the acts and

8 omissions of Defendants and each of them in owning, operating and/or leasing the Restaurant,

9 Plaintiff suffered a violation of Civil Rights including but not limited to rights under Civil Code

10 §§ 51, 54 and 54.1, and suffered mental and emotional distress, all to Plaintiff's damages.

11 Defendant's actions and omissions to act constituted discrimination against Plaintiff on the sole

12 basis that Plaintiff was physically disabled and unable to use the facilities on a full and equal

13 basis as other persons. Plaintiff seeks the minimum damages of $4,000 pursuant to CC § 52,

14 and $1,000 pursuant to CC § 54.3, for each of the dates on which Plaintiff was subjected to

15 barriers at the Restaurant. Plaintiff also seeks trebling of all of the actual damages as provided

16 by Civil Code § 54.3.

17 17. Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiff has been

18 required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order

19 to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled

20 persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks

21 recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code §§

22

23

Complaint 6

| | |
|---|---|
| 1 | 52 and 54.3. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for |
| 2 | damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all |
| 3 | disabled members of the public, justifying "public interest" attorney's fees, litigation expenses |
| 4 | and costs pursuant to Code of Civil Procedure § 1021.5. |
| 5 | 18. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing |
| 6 | refusal by Defendants to comply with the requirements of the Americans with Disabilities Act |
| 7 | of 1990 and regulations adopted pursuant thereto with respect to access of disabled persons to |
| 8 | the Restaurant; for statutory damages pursuant to CC § 52; for actual and treble damages |
| 9 | pursuant to CC § 54.3 and for attorneys' fees and costs pursuant to CC §§ 52, 54.3 and 1021.5. |

**SECOND CLAIM FOR RELIEF:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 FF**

19. Plaintiff realleges the allegations of paragraphs 1-18 hereof.

20. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities"; that "historically society has tended to isolate and segregate individuals with disabilities"; and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an

Complaint                                                7

1      equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

2      21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC

3      §12101(b)):

4          It is the purpose of this act
         (1) to provide a clear and comprehensive national mandate for the elimination of

5          discrimination against individuals with disabilities;

6          (2) to provide clear, strong, consistent, *enforceable standards* addressing discrimination
         against individuals with disabilities;

7

8          (3) to ensure that the Federal government plays a central role in enforcing the standards
         established in this act on behalf of individuals with disabilities; and

9          (4) to invoke the sweep of Congressional authority, including the power to enforce the
         14th Amendment and to regulate commerce, in order to address the major areas of

10          *discrimination faced day to day* by people with disabilities (emphasis added).

11      22. As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the

12      "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private

13      Entities" (42 USC 12181 ff). Among "private entities" which are considered "public

14      accommodations" for purposes of this Title is a Restaurant (Regulation 36.104).

15      23. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the

16      basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

17      advantages or accommodations of any place of public accommodation by any person who

18      owns, leases or leases to, or operates a place of public accommodation."

19      24. Among the specific prohibitions against discrimination were included:

20

21      *§12182(b)(2)(A)(ii)*: "A failure to make reasonable modifications in policies, practices or

22      procedures when such modifications are necessary to afford such goods, services, facilities,

23

    Complaint                    8

1    privileges, advantages or accommodations to individuals with disabilities ...";

2    *§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual

3    with a disability is excluded, denied service, segregated, or otherwise treated differently than

4    other individuals because of the absence of auxiliary aids and services ..."; *§12182(b)(A)(iv)*:

5    "A failure to remove architectural barriers and communication barriers that are structural in

6    nature, in existing facilities ... where such removal is readily achievable"; *§12182(b)(A)(v)*:

7    "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily

8    achievable, a failure to make such goods, services, facilities, privileges, advantages, or

9    accommodations available through alternative methods if such methods are readily achievable".

10    The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights

11    under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part

12    36ff.

13    25. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were

14    at all times herein mentioned "readily achievable" under the standards of the Americans With

15    Disabilities Act. Because the Restaurant was not accessible, Defendants had an obligation to

16    have some sort of plan which would have allowed Plaintiff to enjoy the Restaurant's services

17    without having to suffer the indignities as aforesaid.

18

19    26. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is

20    entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42

21    USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in

22    violation of this Title or has reasonable grounds for believing that he is about to be subjected to

23

Complaint           9

1    discrimination in violation of §12182. On information and belief, Defendants have continued

2    to violate the law and deny the rights of Plaintiff and of other disabled persons to access this

3    public accommodation since on or before August 2, 2008. Pursuant to §12188(a)(2), "In cases

4    of violations of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities

5    to make such facilities readily accessible to and usable by individuals with disabilities to the

6    extent required by this title."

7    27. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of

8    1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the

9    Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 12188(a)

10   of the ADA who is being subjected to discrimination on the basis of disability in violation of

11   Title III and who has reasonable grounds for believing he will be subjected to such

12   discrimination each time that he may attempt to patronize the Restaurant.

13          Wherefore Plaintiff prays for relief as hereinafter stated:

14                                            PRAYER

15          1. Issue a preliminary and permanent injunction directing Defendants to modify its

16   facilities as required by law to comply with the ADAAG and the CBC where required, remove

17   all barriers where it is readily achievable to do so, institute policies in furtherance of

18   accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services

19   offered to the non-disabled public so that it provides adequate access to all citizens, including

20   persons with disabilities; and issue a preliminary and permanent injunction directing

21   Defendants to maintain its facilities usable by plaintiff and similarly situated persons with

22

23

     Complaint                            10

1    disabilities in compliance with federal regulations, and which provide full and equal access, as

2    required by law;

3       2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that

4    Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

5    public facilities as complained of herein no longer occur, and will not recur;

6       3. Award to Plaintiff all appropriate statutory damages;

7       4. Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs

8    of this proceeding as provided by law; and

9       5. Grant such other and further relief as this Court may deem just and proper.

10    Date: September 2, 2008

11

12       \_\_\_S/Thomas N. Stewart, III\_\_\_ \_\_\_\_\_

13          Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

      Complaint           11